IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DARYL JENKINS,

    Plaintiff,

v.                                        Civil Action No. 3:18CV230

WILL SESSOMS, et al.,

    Defendants.

**MEMORANDUM OPINION**

Daryl Jenkins, a Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action.[1] The action proceeds on the SECOND PARTICULARIZED COMPLAINT. ("Complaint," ECF No. 21). The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2);

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

see 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice

of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock

v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ALLEGATIONS

In his Complaint, Jenkins argues that his First, Fifth, Sixth, and Fourteenth Amendment rights were violated during his state criminal proceedings. (Compl. 3.)[2] Jenkins identifies as Defendants, the City of Virginia Beach, Va Municipality, Will Sessoms, the former Mayor of Virginia Beach, David L. Hansen, the City Manager of Virginia Beach, and Carmen Widgeon, a city employee of Virginia Beach. (Id.) Jenkins contends that:

> On October 13, 2017, I was tried by a jury in Va Beach, Va. As soon as my trial began, I refused to relinquish my right to an attorney and wished to present myself inpropria persona. Right then I was removed from the courtroom and my trial continued without my presence violating my Sixth Amendment right to be present at my trial. The things that were discussed outside of my presence had a direct influence on the outcome of my trial, in the process, violating my 1st, 5th, 6th, and 14th Amendment right to due process. I went on to be convicted in an unfair trial with no lawyer. That violated my constitutional rights numerous times all done within a municipality that created customs and policies for such violations of rights to be condoned within its jurisdiction.
> During the process of my trial, I had a biased judge who criticized me numerous times, would not recognize my religion, and would not recognize my status as inpropria persona sui juris nor as a living man, natural person (28 U.S.C. 1391). The judge violated my 6th Amendment

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system to Jenkins's Complaint. The Court corrects the spelling, punctuation, and capitalization in the quotations from Jenkins's Complaint.

4

rights by not holding a colloquy with me concerning my decision to proceed without an attorney, did not hold [a] competency hearing with me even though I take psych medication, used a witness who perjured herself many times on the stand, causing me deprivation of life and liberty, also mental, physical, and psychological injury. All [of] this was done under a municipality that created customs and policies that condoned such violations of my rights.

(Id. at 1-2 (paragraph numbering omitted).)³ Jenkins argues that

> I. 1st, 5th, 6th, and 14th Amendment rights violator (Will Sessoms) former Mayor of Va Beach, Va, at the time of violation of my rights. The mayor created a policy and custom under which my constitutional rights were violated and his administration allowed such a policy and custom to continue.
> The mayor was grossly negligent in that he did not adequately supervise or train his subordinates who violated my rights that being the Va Beach, Va municipality.
> . . . .
> II. (David L. Hansen) is the City Manager who failed to train officers and employees under his management that resulted in the violation of my constitutional rights.
> Under his management of the city, he created a custom and policy that led to the violation of my constitutional rights.
> . . . .
> III. (Carmen Widgeon) is a city employee who was a witness for the Commonwealth who committed perjury on the witness stand violating my 1st, 5th, 6th, and 14th Amendment rights and intentionally inflicting emotional distress and deliberate indifference that I suffer from until this day.

---

³ The Court notes that Jenkins has filed several frivolous lawsuits against a variety of individuals stemming from his state criminal proceedings. See, e.g., Jenkins v. Virginia, No. 3:18CV203, 2018 WL 6834359, at *1-4 (E.D. Va. Dec. 28, 2018) (dismissing as frivolous and for failure to state a claim action against the Attorney General); Jenkins v. O'Brien, No. 3:18CV168, 2018 WL 4496485, at *1-3 (E.D. Va. Sept. 19, 2018) (dismissing as frivolous and for failure to state a claim action against the judge and prosecutor).

5

(Id. at 2-3.)

Jenkins asks for a "declaration that the acts and omissions described herein violate his rights," and monetary damages. (Id. at 4.)

### III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of Jenkins's terse theories for relief. See Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing Neitzke v. Williams, 490 U.S. 319, 324 (1989))). Jenkins's Complaint will be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous.

#### A. No Personal Involvement

To state a legally sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (emphasis added) (internal quotation marks omitted). "Where a complaint alleges no specific act or conduct on the part of the defendant

and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing Brzozowski v. Randall, 281 F. Supp. 306, 312 (E.D. Pa. 1968)).

Jenkins only names the City of Virginia Beach, Va Muncipality, in the caption of his Complaint and therefore, any claim against the city is dismissed as legally insufficient and frivolous. Jenkins also fails to state a claim against Sessoms or Hansen. Although Jenkins faults Sessoms and Hansen as supervisors of the municipality, he alleges no facts suggesting that Sessoms or Hansen had any direct involvement or personal responsibility in the alleged deprivation of Jenkins's constitutional rights during his criminal proceedings. For that reason alone, Jenkins's claims against Sessoms and Hansen will be dismissed as legally insufficient and frivolous.

B. No Policy or Custom

Jenkins also vaguely alleges that Sessoms and Hansen are liable to him for the deprivation of his constitutional rights during his criminal proceedings based on an alleged municipal policy or custom that they created. This claim is entirely frivolous. To state a claim against Sessoms or Hansen on that theory, Jenkins must allege facts showing that Sessoms and Hansen deprived him of a constitutional right "through an official policy

or custom." Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (quoting Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999)). An unconstitutional official policy or custom

> can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

Id. (alteration in original) (quoting Carter, 164 F.3d at 217). Jenkins does not identify an express policy, a decision, an omission, or a practice in which Sessoms and Hansen engaged that denied any constitutional rights by virtue of any policy or practice. Jenkins does allege in conclusory fashion that Sessoms did not "adequately supervise or train his subordinates" (Compl. 3), and Hansen "failed to train officers" (id. at 4), resulting in the deprivation of Jenkins's constitutional rights. Jenkins states nothing more than a legal conclusion and his conclusory allegations fail to state a claim for relief.[4]

C.  **Witness Immunity**

Jenkins vaguely alleges that Widgeon, a city employee, perjured herself on the witness stand in Jenkins's criminal proceedings, thereby violating his constitutional rights. (Compl.

---

[4] Although Jenkins fails to name the City of Virginia Beach in the body of his Complaint, any claim against the city based on a custom or policy would be dismissed for the same reasons as stated above.

8

4.)  Jenkins fails to identify the content of the allegedly perjured testimony and, thus, his claim is too conclusory to state a claim for relief. Moreover, governmental witnesses in judicial proceedings enjoy absolute immunity from a suit based upon their testimony at trial. Briscoe v. LaHue, 460 U.S. 325, 334-35 (1983); Burke v. Miller, 580 F.2d 108, 111 (4th Cir. 1978). Accordingly, Jenkins's claim against Widgeon will be dismissed as frivolous and for failure to state a claim.

### IV.  THE ACTION IS FRIVOLOUS AND MALICIOUS

Having met with no success in State court, Jenkins has filed at least three actions, challenging aspects of his criminal investigation and proceedings. The Court finds that Jenkins fails to bring this action in good faith to vindicate his legal rights, but instead brings it maliciously to harass those who had no demonstrated involvement in securing his criminal conviction. Accordingly, the Court also will also dismiss this action as malicious and brought for the purpose of vexation. See Cain v. Virginia, 982 F. Supp. 1132, 1136-38 (E.D. Va. 1997) (citations omitted) (observing that where "the tone of [a prisoner] Plaintiff's allegations indicates that he is bringing his suit merely to satisfy his desire for vengeance against [those involved in securing his incarceration] and not to rectify any wrong done to him, then the suit is a MALICIOUS one" (quoting Spencer v. Rhodes, 656 F. Supp. 458, 363-64 (E.D.N.C. Mar. 19, 1987))).

## V. CONCLUSION

For the foregoing reasons, the action will be dismissed as malicious, frivolous, and for failure to state a claim under 28 U.S.C. § 1915(e)(2). The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g). Jenkins is placed on notice that this is his third frivolous complaint under 28 U.S.C. § 1915.

The Clerk is directed to send a copy of the Memorandum Opinion to Jenkins.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 12, 2019